# PARISH *v.* HEDGES. (1)

---

### APPEALS; CITATION; WAIVER.

1. *Quære,*—whether the rule of court requiring the issuance and service upon the successful party of a citation on an appeal to this court applies to an interlocutory order from which an appeal has been specially allowed by this court, as well as to final judgments and decrees.

2. The acceptance of service by the appellee of the designation by the appellant of the parts of the record to be included in the transcript of the record on appeal is a waiver by the appellee of citation. (Following *Leonard* v. *Rodda,* 5 App. D. C. 256, and *Dowling* v. *Buckey,* 26 App. D. C. 266.)

No. 2050. Submitted October 15, 1909. Decided October 15, 1909.

HEARING on a motion by the appellee to dismiss an appeal.
*Denied.*

The facts are stated in the opinion.

*Mr. Henry E. Davis* and *Mr. John E. Laskey* for the motion.

*Mr. Holmes Conrad* and *Mr. Leigh Robinson* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellee, Henry C. Hedges, has moved to dismiss this appeal because of the failure to issue and serve a citation upon the allowance of the same. It is a special appeal from an interlocutory order entered in a probate proceeding, that was allowed by order of this court in the exercise of the discretion committed to it by law in such cases. It has been argued by appellant, Emily E. Parish, that the rule requiring citation in case of appeals applies only to final judgments and decrees, and not to

appeals from interlocutory orders in a pending cause, because the parties are in court, and bound to take notice of all proceedings until the final termination of the suit. Certainly, the reason for requiring notice in the latter class of appeals is not so strong as in the first, but we deem it unnecessary to determine the question raised. Assuming the rule applies equally to both,. the motion, we think, is not well taken.

The object of the citation on appeal is to give notice to the appellee that an appeal has been taken. This notice he received when he accepted the service of the designation of the parts of the record to be included in the transcript. This acceptance of notice was had without condition or objection, and therefore amounted to a waiver of the regular citation. *Dowling* v. *Buckey,* 26 App. D. C. 266; *Leonard* v. *Rodda,* 5 App. D. C. 256, 262.

The motion is *denied.*